UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SAMANTHA FIVES,

    Plaintiff,

vs.                                                            Case No.:

HALIFAX STAFFING, INC.,
A Florida Not for Profit
Corporation, and HALIFAX
HEALTH, INC., a Florida Not
For Profit Corporation,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff SAMANTHA FIVES (hereinafter "Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against HALIFAX STAFFING, INC. and HALIFAX HEALTH, INC. (hereinafter collectively "Defendants"), and states the following:

### NATURE OF CASE

This is a claim by Plaintiff, against her former employer for damages and all available relief under the Pregnancy Discrimination Act of 1978 ("PDA"), which amended Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et. seq., 42 U.S.C. §1981. As a result, and for the violation of Plaintiff's rights to be free from pregnancy discrimination, Plaintiff seeks to recover front pay,

back pay, an equal amount as liquidated damages, reinstatement, lost benefits, compensatory damages, emotional distress damages, pain and suffering, injunctive relief, reasonable attorneys' fees and costs and any other relief to which the Plaintiff is entitled, including but not limited to, equitable relief.

## PARTIES

1. On or around November 5, 2020, Plaintiff submitted an application for the position of Registered Nurse for the Neonatal Intensive Care Unit ("NICU") with Defendants.

2. Plaintiff was offered the position for which she applied by Defendants on or November 17, 2020.

3. Defendant HALIFAX STAFFING, INC., is a Florida not for profit corporation, which provides preemployment, staffing, and payroll related services to Defendant HALIFAX HEALTH, INC.

4. Defendant HALIFAX HEALTH, INC. owns, controls, and operates business which provides medical and other health care services in the state of Florida, including the location where Plaintiff was employed.

## JURISDICTION AND VENUE

5. Jurisdiction of this matter arises pursuant to 28 U.S.C. §1331 with federal questions involving Title VII. An express grant of federal court jurisdiction over this federal claim is found in Title VII at 42 U.S.C.§2000e-5(f)(3).

6. The acts and omissions giving rise to this action occurred in Daytona Beach, Volusia County, Florida.

7. Defendant, HALIFAX STAFFING, INC., conducts business in Daytona Beach, Volusia County, Florida.

8. Defendant, HALIFAX HEALTH, INC., conducts business in Daytona Beach, Volusia County, Florida.

9. Defendant was an employer as defined by the laws under which this action is brought and employs greater than 15 employees.

10. This is an action at law raising a federal question under federal law.

11. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331.

12. Venue is proper because the illegal conduct occurred within the judicial district in and for this District.

## TITLE VII AND PDA STATUTORY PREREQUISITES

13. Plaintiff was a member of a class of individuals protected by Title VII and the PDA given that, at all times material to the allegations herein, Plaintiff experienced discrimination based on her pregnancy.

14. Plaintiff was qualified for her position as a NICU Registered Nurse.

15. The Defendant meets the statutory criteria for coverage as an "employer" under Title VII and the PDA.

16. Plaintiff meets the statutory criteria for coverage as an "employee" under Title VII and the PDA.

17. On or around January 5, 2021, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC").

18. On August 16, 2021, the EEOC issued a notice of right to sue.

19. Plaintiff filed this suit within ninety (90) days of receipt of her notice of right to sue.

20. Accordingly, Plaintiff has exhausted all administrative requirements set forth by Title VII and the PDA.

21. Plaintiff has satisfied all administrative prerequisites to perfect her claim.

## FACTS

22. On or around November 5, 2020, Plaintiff submitted an application for the position of Registered Nurse for the Neonatal Intensive Care Unit ("NICU") with Defendants.

23. The next day, Plaintiff was contacted by Defendants to schedule an employment interview.

24. After interviewing, Plaintiff was offered the position for which she applied by Defendants on or November 17, 2020.

25. Plaintiff completed all necessary forms and provided all references requested by Defendants.

26. On or around November 24, 2020, Plaintiff received written confirmation from Defendants that all her references were verified.

27. Plaintiff received a formal offer letter from Defendant and New Hire Information Sheet indicating her employment starting date would be December 14, 2020.

28. Defendants also scheduled an in-person employment appointment for Plaintiff to take place on December 3, 2020.

29. Plaintiff presented to her appointment on December 3, 2020, and completed additional documentation, drug testing, and other required screening.

30. At the time of her pre-employment appointment, Plaintiff was asked "how far along" she was referring to Plaintiff's visible pregnancy.

31. Plaintiff responded she was approximately 33 weeks pregnant at the time.

32. Plaintiff was then asked if she had "any complications" with her pregnancy.

33. Plaintiff obliged and advised of complications she suffered during her pregnancy.

34. On December 4, 2020, Plaintiff received an email from Defendants stating her references were incomplete.

35. Given Plaintiff had previously received an email from Defendants confirming her references were verified, Plaintiff reached out to Defendant's Nurse Recruiter within the Human Resources Department to better understand the inconsistency regarding Plaintiff's references.

36. Plaintiff was advised she would need to submit two additional references.

37. Plaintiff submitted the additional references form reflecting two more clinical settings where she worked as a Registered Nurse as requested by Defendants.

38. On December 11, 2020, Plaintiff reached out to Defendants to confirm the additional references has been verified, and everything was in place for Plaintiff to begin her employment on December 14, 2020.

39. However, Plaintiff received a call from Defendants wherein she was told Defendants were "rescinding their employment offer."

40. Plaintiff was qualified for her position.

41. Plaintiff's additional references were both in nursing clinical areas as requested by Defendants.

42. Defendants knew of Plaintiff's pregnancy and pregnancy-related complications before rescinding the offer.

43. Plaintiff's offer of employment was rescinded within days of Plaintiff attending an in-person employment screening appointment wherein Defendants' representatives specifically inquired regarding Plaintiff's pregnancy and pregnancy-related complications.

44. Defendants' reasons for rescinding Plaintiff's offer of employment were untruthful and pretextual.

45. Defendant's action of rescinding Plaintiff's offer of employment was because of her pregnancy.

## COUNT I
## PREGNANCY DISCRIMINATION UNDER
## PREGNANCY DISCRIMINATION ACT & TITLE VII
## (As to both Defendants)

46. Plaintiff restates and incorporates herein the foregoing paragraphs 1 through 45 as though fully stated herein.

47. Defendants discriminated against Plaintiff based on her pregnancy.

48. Defendants engaged in unlawful employment practices prohibited by Title VII by discriminating against Plaintiff as set forth above.

49. Defendants engaged in unlawful employment practices prohibited by the Pregnancy Discrimination Act by discriminating against Plaintiff as set forth above.

50. Defendants knew or should have known of the discrimination and unlawful targeting of Plaintiff.

51. Based on the conduct described in this Complaint, Defendants are liable for discrimination in violation of the Pregnancy Discrimination Act and Title VII.

52. The above discrimination was done by Defendants with a reckless disregard for Plaintiff's rights under federal law. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits;

d. Compensatory damages for emotional pain and suffering;

e. Injunctive relief;

f. Prejudgment interest;

g. Costs and attorney's fees; and

h. Such other relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated this 9th day of November, 2021

Respectfully submitted,

***/s/ Anthony J. Hall***
Anthony J. Hall, Esq.
FL Bar No. 40924
THE LEACH FIRM, P.A.
631 S. Orlando Avenue, Suite 300
Winter Park, Florida 32789
Telephone: (407) 574-4999
Facsimile: (833) 523-5864
Email: ahall@theleachfirm.com
Email: npacheco@theleachfirm.com
*Attorneys for Plaintiff*